Argued and submitted November 2, 1981,
complaint dismissed January 5, 1982

# In Re: Complaint as to the Conduct of
## DAVID S. SHANNON and
## REES C. JOHNSON,
*Accuseds.*

## (OSB No. 80-7, SC 27866)

638 P2d 482

Andrew P. Kerr, Portland, argued the cause and filed the briefs for the Oregon State Bar.

David S. Shannon and Rees C. Johnson, Portland, pro se for the Accuseds.

PER CURIAM.

**PER CURIAM.**

This is a disciplinary proceeding by the Oregon State Bar, charging that the operation by the Accuseds of a law office under the names "Shannon and Johnson's Hollywood Law Center" and "Hollywood Law Center, a Branch of Shannon and Johnson," was unethical and in violation of DR 2-102(B) of the Code of Professional Responsibility of the Oregon State Bar.

DR 2-102(B) provides, in part, as follows:

"A lawyer in private practice shall not practice under a trade name, a name that is misleading as to the identity of the lawyer or lawyers practicing under such name, or a firm name containing names other than those of one or more of the lawyers in the firm, except that the name of a professional corporation or professional association may contain 'P.C.' or 'P.A.' or similar symbols indicating the nature of the organization. * * *"

Based upon stipulated facts, including the fact that the Accuseds did use those names in their advertising, the Trial Board found that the Accuseds were guilty as charged. The Disciplinary Review Board found that the Accuseds operated two law offices in Portland, Oregon, one on Sandy Boulevard and the other in the Hollywood District, and that "[t]he basic advertising of the Hollywood office is listed as 'Shannon and Johnson's Hollywood Law Center,'" although some materials used the name "HOLLYWOOD LAW CENTER," with the further statement, "A branch of Shannon & Johnson." The Board concluded, however, that:

"The primary purpose of the rule is to protect the public and the record reveals no basis for contending that the public was damaged or is likely to be damaged. Under these circumstances, we find the accused not guilty."

In its brief on review of the findings and recommendations by the Disciplinary Review Board, the Oregon State Bar contends that:

(1) The Accuseds' operation of a private legal clinic under the name Hollywood Law Clinic and/or Hollywood Law Office constitutes the use of a prohibited name; that the terms of DR 2-102(B) are clear, and that the term "trade name" should be given the same meaning as in ORS 647.005(1)(f), which defines a "trade name" as:

"A word, name, symbol, device or any combination thereof used by a person to identify his business, vocation or occupation and distinguish it from the business, vocation or occupation of others."

(2) It is not incumbent upon the Bar to prove that the public was damaged, nor are the Accuseds to be exonerated if they have proved that there has been no direct damage to the public; and

(3) Prohibiting the Accuseds from using a trade name does not deprive them of their constitutional right to free speech.

In response, it is contended by the Accuseds, among other things, that:

(1) The names "Shannon and Johnson's Hollywood Law Center" and "Hollywood Law Center, A Branch of Shannon and Johnson" are not prohibited by DR 2-102(B).

(2) That DR 2-102(B) violates the right of free speech of the Accuseds and the due process and equal protection clauses of the constitutions of the United States and the State of Oregon.

■ In our opinion, the meaning of the term "trade name," as used in DR 2-102B, is not the same as the meaning of that term as used in ORS 647.005(1)(f). That statutory definition is a part of a statute which has as its purpose the protection of registered trade marks and trade names and the protection of those who register and use them. (ORS 647.005 to 647.107). The purpose of DR 2-102(B) is quite different.

According to Ethical Consideration 2-11:

"* * * The use of a trade name or an assumed name could mislead laypersons concerning the identity, responsibility, and status of those practicing thereunder. Accordingly, a lawyer in private practice should practice only under a designation containing his own name, the name of a lawyer employing him, the name of one or more of the lawyers practicing in a partnership, or, if permitted by law, the name of a professional legal corporation, which should be clearly designated as such. * * *"

■ Thus, it appears that the purpose of DR 2-102(B) in its reference to "trade names" is not to protect the

lawyers who use such names, but to protect the public by prohibiting the use of names by lawyers which "would mislead laymen concerning the identity, responsibility, and status" of those who use such names. A "trade name," as that phrase is used in DR 2-102(B), is a word or phrase other than lawyers' names which tends to mislead the public as to the identity or services of a law firm. We find that the name "Shannon and Johnson's Hollywood Law Center," which was the "basic advertising" used by the Accuseds, has no such tendency.[1]

We find the Accuseds to be not guilty of the charges against them by the Oregon State Bar and award costs to the Accuseds.[2]

---

[1] It is of interest to note that Rule 7.5(a) of the Proposed Final Draft of Model Rules of Professional Conduct, prepared by the American Bar Association Commission on Evaluation of Professional Standards, provides as follows:

"A lawyer shall not use a firm name, letterhead or other professional designation that violates Rule 7.1. A trade name may be used by a lawyer in private practice if it does not imply a connection with a government agency or with a public or charitable legal services organization and is not otherwise false or misleading."

with the following "Comment":

"A firm may be designated by the names of all or some of its members, by the names of deceased members where there has been a continuing succession in the firm's identity or by a trade name such as the "ABC Legal Clinic." Although the Supreme Court has held that legislation may prohibit the use of trade names in professional practice, use of such names in law practice is acceptable so long as it is not misleading.* * *"

[2] Because of the basis for our decision in this case, it is not necessary to consider the further contentions by the parties.